IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00833-BNB

**FILED**

UNITED STATES ~~~~~~~ ~~~~~ COURT

ANTHONY E. McAFEE SR.,

JUN 2 4 2009

Applicant,

GRE~~~~~ ~. ~~~~HAM
CLERK

v.

WARDEN PLOUGH, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

## ORDER OF DISMISSAL

---

Applicant Anthony E. McAfee is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Territorial Correctional Facility in Cañon City, Colorado. Mr. McAfee initiated this action by filing a ***pro se*** Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case No. 99-CR-4486 in the Denver County District Court of Colorado. In an order entered on April 16, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On April 29, 2009, Respondents filed a Pre-Answer Response. Mr. McAfee filed a Motion for Limited Remand to State Trial Court on May 19, 2009.

The Court must construe liberally the Application and Motion for Limited Remand filed by Mr. McAfee because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period under § 2244(d).

On August 11, 2000, following a jury trial, Mr. McAfee was found guilty of one count of vehicular homicide, two counts of leaving the scene of an accident, and one count of vehicular assault. (Pre-Answer Resp. Ex. A (State Register of Actions).) He was sentenced to an aggregate term of forty-seven years of incarceration on November 13, 2000. (Pre-Answer Resp. Ex. A.) On December 29, 2000, Mr. McAfee filed a direct appeal. (Pre-Answer Resp. Ex. A.) The conviction and sentence were affirmed on March 25, 2004, (Answer Ex. C), and Mr. McAfee's petition for writ of certiorari was denied on December 27, 2004, (Answer Ex. D).

Mr. McAfee also confirms that he filed a Colo. R. Crim P. 35(c) postconviction motion on January 19, 2006. (Application at 4.) According to the State Register of Actions, the Rule 35(c) postconviction motion was denied by the trial court on April 18, 2006, and Mr. McAfee's petition for writ of certiorari in the motion was denied by the Colorado Supreme Court on August 4, 2008. Although Mr. McAfee does not acknowledge in his Application or his Motion for Limited Remand, he also filed a motion seeking credit for pretrial confinement on March 31, 2005, along with a second motion seeking credit for pretrial confinement on March 13, 2009. (Pre-Answer Resp. Ex A.)

Based on the following analysis, this Court finds the instant action is time-barred and subject to dismissal.

In the Application, Mr. McAfee identifies three claims, including: (1) that his rights to due process and to effective assistance of counsel were violated because his trial counsel was not included in the meeting between the trial court and the district attorney when they reconstructed the lost jury instructions from his trial; (2) that he was denied an evidentiary hearing determining the effectiveness of his appellate counsel; and (3) that his rights to due process and effective assistance of counsel were denied in his appellate proceedings.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the
>>
>> United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. McAfee's conviction became final on March 27, 2005, ninety days after the Colorado Supreme Court denied his petition for certiorari review. *See* Sup. Ct. R. 13.1; *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Mr. McAfee does not allege in either the Application or the Motion for Limited Remand that there are any constitutional rights newly recognized by the Supreme Court that apply to this claim. He also does not assert that he did not know or could not have discovered the factual predicate for this claim challenging the validity of his conviction and sentence at the time of his conviction and direct appeal or that there were any impediments to filing an application regarding the claim which were created by state action.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective

pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. McAfee bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* at 977. Mr. McAfee fails to assert any basis for equitable tolling.

Respondents argue that Mr. McAfee's motion for pretrial confinement credit filed on March 31, 2005, was abandoned because, pursuant to Colo. R. Crim. P. 35(c)(3)(IV), a court is required to perform an initial review of a Rule 35(c) motion within sixty days. (Pre-Answer Resp. at 10.) Relying on *Herr v. People*, 198 P.3d 108, 112 (Colo. 2008) (citing *People v. Fuqua*, 764 P.2d 56, 58 (Colo. 1988), Respondents argue that Mr. McAfee bears the burden of undertaking reasonable efforts to secure a ruling on his motion for pretrial confinement credit. (Pre-Answer Resp. at 9.) Respondents conclude that Mr. McAfee abandoned his motion for pretrial confinement credit because the trial court failed to rule on his motion within the time allowed for a Rule 35(c) review, and Mr. McAfee's motion for pretrial confinement credit should toll the time for no more than 105 days for the purpose of § 2244(d), including the sixty days allowed for review of the motion and the forty-five days allowed to appeal any decision under Colo. App. R. 4(b)(1). (Pre-Answer Resp. at 10.)

Therefore, Respondents contend that for purposes of § 2244(d) time is not tolled from July 14, 2005, the day after the 105 days ran for the motion for pretrial confinement credit, until January 18, 2006, the day prior to when Mr. McAfee filed his

5

Rule 35(c) postconviction motion, a total of 189 days. (Pre-Answer Resp. at 10.) Respondents further contend that Mr. McAfee then had a remaining 176 days or until January 28, 2009, to file a habeas action in this Court.

Mr. McAfee does not counter Respondents' arguments. He requests rather that this Court allow him a limited remand to state court to resolve the issues of incompetency of counsel, ineffective assistance of counsel, and conflict of interest in an evidentiary hearing. (Mot. Limited Remand at 2.)

Mr. McAfee's motion for pretrial confinement credit does not indicate specifically under which rule of criminal procedure he intended to file the motion. In the motion, he states that he requests credit because (1) the mittimus does not order any credit; (2) Colo. Rev. Stat. 18-1.3-405 provides for the credit; (3) the trial court is required to make a finding regarding such credit; and (4) he has a constitutional right to the credit. Under Colo. R. Crim P. 36, Mr. McAfee may at any time seek to correct "clerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission." Under Colo. R. Crim. P. 35, Mr. McAfee may either under subpart (a) correct an illegal sentence pursuant to subpart (a) that was not authorized by law or was imposed without jurisdiction or under subpart (b) seek reduction of a sentence. Also, under Rule 35(c)(2)(I), Mr. McAfee may challenge a sentence that is imposed in violation of the Constitution or laws of the United States.

Mr. McAfee does not assert in the motion for pretrial confinement credit that the mittimus suffered from clerical mistakes. He also does not assert that he was subjected to an illegal sentence or his sentence should be reduced. He does claim, however, that without the trial court providing him pretrial confinement credit his constitutional rights

were violated. The Court, therefore, finds that Mr. McAfee's motion properly would be considered under Rule 35(c).

The Court, therefore, finds that Mr. McAfee abandoned his motion for pretrial confinement credit. Under *Herr* he bears the burden to undertake reasonable efforts to secure a ruling, and it is reasonable to find he should do so within 105 days. He also filed a second motion for pretrial confinement credit, on March 13, 2009, in which he does not acknowledge that he filed a first motion for pretrial confinement credit or that such a motion remains pending and the trial court has failed to rule on the motion. Based on these findings, the Court finds that the time from July 14, 2005, the day after the 105 days ran for the motion for pretrial confinement credit, until January 18, 2006, the day prior to when Mr. McAfee filed his Rule 35(c) postconviction motion, a total of 189 days is not tolled. Also, the time from August 5, 2008, the day after his petition for writ of certiorari was denied in his Rule 35(c) postconviction motion until April 9, 2009, the day prior to when he filed the instant action in this Court, a total of 248 days is not tolled. Mr. McAfee did not have an application for state post-conviction or other collateral review pending in state court for at least 437 days. Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court.

Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. McAfee has exhausted his state court remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 23 day of _____ June _____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No.  09-cv-00833-BNB

Anthony E. McAfee
Prisoner No. 44338
CTCF
PO Box 1010
Cañon City, CO 81215- 1010

Jonathan P. Fero
Assistant Attorney General
**DELIVERED ELECTRONICALLY**


    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT**  to
the above-named individuals on 6/24/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk